UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL M. DEMBLING, )<br>Petitioner, )<br>)<br>v.                                                          )<br>)<br>DAVID L. WINN, Warden, )<br>Federal Medical Center, Devens, )<br>Respondent )<br>) | No. 07-cv-10260 |

### PETITION FOR WRIT OF HABEAS CORPUS
### PURSUANT TO 28 U.S.C. § 2241

The Petitioner, Paul M. Dembling ("Dembling"), petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. As grounds therefor, Dembling states that his statutory and due process rights are being violated by the Bureau of Prisons' ("BOP") unlawful policy regarding the placement of federal inmates in community corrections centers ("CCC"), which is codified in 18 C.F.R. §§ 570.20 and 570.21. Specifically, when BOP designated him to the Federal Medical Center, Camp Devens, in Ayer, Massachusetts ("FMC-Devens") rather than a CCC, it did so under a policy that fails to adhere to the statutory directive of 18 U.S.C. § 3621(b). Section 3621(b) requires BOP to, in good faith, consider the nature and circumstances of Dembling's case, Dembling's history and characteristics, and the sentencing court's recommendation that his five month sentence be served in a CCC.

### PARTIES

1.     Dembling is a federal inmate serving a five month sentence pursuant to a judgment of conviction for tax evasion in the United States District Court for the District

of Massachusetts. No. 05-cr-10179-RGS. Dembling is currently incarcerated at FMC-Devens.

2. Respondent, David L. Winn, is the Warden at FMC-Devens and, therefore, has custody of Dembling. The Respondent, exercises the delegated authority, vested by law in BOP, to "provide for the safekeeping, care and subsistence" of Dembling. 18 U.S.C § 4042(a)(2). Respondent is further charged with the authority to approve any transfer of Petitioner from FMC-Devens to another "appropriate and suitable" place of confinement, choosing any "available penal or correctional facility that meets minimum standards of health and habitability…, whether maintained by the Federal Government or otherwise…." 18 U.S.C. § 3621(b). This includes the transfer of Dembling to a CCC for the final portion of his imprisonment to facilitate release. See BOP Program Statement 7310.04, Community Correction Center (CCC) Utilization and Transfer Procedures, ¶ 12(a) at 12 (1998); Program Statement 5100.07, Security Designation and Custody Classification Manual, ch. 10 ¶12(g) at 8A (2002 rev.)(procedures for "pre-release transfers"); but cf. 28 C.F.R. §§ 570.20 & 570.21. Respondent is sued in his official capacity, both as the person responsible for the challenged decision and Dembling's immediate custodian.

## JURISDICTION

3. This Court has jurisdiction to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 because Dembling is confined within the territorial jurisdiction of this Court and his placement within the Bureau of Prisons was determined in violation of the Constitution and the laws of the United States. Specifically, BOP's policy on CCC placement pursuant to 28 C.F.R. §§ 570.20 and 570.21 violates 18 U.S.C. § 3621(b) and Dembling's right to due process under the Constitution. Exhaustion of administrative

remedies would be futile here because Dembling challenges the legality of BOP's policy rather than BOP's application of it.

4. This is Dembling's first petition for writ of habeas corpus.

**VENUE**

5. Venue is appropriate because Dembling is incarcerated in a federal institution that is within the geographical boundaries of the District of Massachusetts

**FACTUAL ALLEGATIONS**

6. On February 8, 2006, Dembling pleaded guilty to Counts 1 through 4 of an indictment charging him with tax evasion in violation of 26 U.S.C. § 7201. United States v. Dembling, No. 05-cr-10179 –RGS.

7. On November 11, 2006, the Honorable Richard G. Stearns sentenced Dembling to five months imprisonment on each count, to be served concurrently, followed by two years of supervised release. Dembling was ordered to serve five months of his supervised release in home detention. Judge Stearns recommended to BOP that the term of imprisonment be served in a CCC. (See **Exhibit A**, Record at 13, *Judgment in a Criminal Case*, Dembling (No. 05-cr-10179).) It is Dembling's belief that one of the reasons for Judge Stearns' recommendation was to allow Dembling to continue to work at his company, Sinco Incorporated, thereby insuring the survival of the company and the jobs of its employees.

8. Dembling self-surrendered at FMC-Devens on January 25, 2007. Despite the judicial recommendation, BOP designated FMC-Devens as the place of confinement. BOP did not consider Dembling's individual history and characteristics, nor the judicial recommendation that Dembling serve his term of imprisonment in a CCC.

9. Prior to December 2002, BOP routinely exercised its broad discretion to place inmates in CCC for up to six months, including placement in a CCC from the onset of a sentence. It was a "well-established practice of BOP -- repeatedly and explicitly conveyed to the judiciary -- of carefully considering and, where appropriate, adopting judicial recommendations to place offenders in community confinement to serve their terms of imprisonment." Iacaboni v. United States, 251 F. Supp. 2d 1015, 1017 (D. Mass. 2003).

10. However, Dembling's designation to FMC-Devens rather than a CCC was based on BOP's February 2005 policy of categorically limiting the placement of any and all inmates in a CCC to the last ten percent of their sentence, not to exceed six months. This policy is codified in 28 C.F.R. §§ 570.20 and 570.21.

11. BOP's 2005 policy does not allow consideration of case specific facts, including a sentencing court's recommendation that the term of imprisonment be served in a CCC and the reasons behind it. Such a policy contradicts the directive in 18 U.S.C. § 3621(b) that BOP consider every inmate on a case by case basis, including the history and characteristics of the inmate, and any judicial recommendation. Therefore, the policy is unlawful.

## CLAIMS FOR RELIEF

12. BOP's CCC placement policy pursuant to 28 C.F.R. §§ 570.20 and 570.21 violates the laws of the United States in that it is contrary to the directive of 18 U.S.C. § 3621(b) and, therefore, is invalid.

13. The Respondent, in applying the BOP's CCC placement policy, has violated Dembling's right to due process under the Constitution as well as § 3621(b) because the Respondent has failed to consider any of the specifics of Dembling's case, including the

judicial recommendation that Dembling's term of imprisonment be served in community confinement. Under the pre-December 2002 policy, Dembling would likely have been designated to a CCC at the onset of his term of imprisonment because BOP routinely considered and adopted judicial recommendations such as the one here.

14. Dembling suffered irreparable harm when he commenced his sentence at FMC-Devens on January 25, 2007. Time is of the essence in this matter because Dembling's term of imprisonment is only five months. A prolonged proceeding will result in irreparable harm to Dembling because he could conceivably serve his entire term of imprisonment at FMC-Devens rather than a CCC before any ruling is made. Thus, a prompt determination is required because prolonged delays in this proceeding will result in a loss of Dembling's rights.

15. Moreover, a prolonged delay will result in immediate and irreparable harm to Dembling's company, Sinco Inc., and lost jobs for Sinco Inc.'s sixteen employees. Such an outcome can be avoided if, after BOP reconsiders promptly Dembling's placement, he is designated to a CCC.

**RELIEF REQUESTED**

WHEREFORE, Dembling requests that this Court provide the following relief:

16. Issue a preliminary injunction enjoining BOP from determining Dembling's eligibility for placement in a CCC pursuant to 28 C.F.R. §§ 570.20 and 570.21 and from refusing to exercise its discretion pursuant to 18 U.S.C. § 3621(b).

17. Allow Dembling's petition for writ of habeas corpus.

18. Declare BOP's CCC placement policy pursuant to 28 C.F.R. §§ 570.20 and 570.21 invalid and order BOP to cease operating under that policy.

19. Order the Respondent, within ten calendar days, to reconsider Dembling's CCC placement in good faith and in accordance with the standards employed at FMC-Devens prior to December 2002, including giving due consideration of the judicial recommendation that Dembling serve his term of imprisonment in a CCC.

        Respectfully submitted,
        PAUL M. DEMBLING
        By his attorneys,

        /s/ Matthew D. Thompson
        Thomas J. Butters
        B.B.O. #068260
        Matthew D. Thompson
        B.B.O. #655225
        BUTTERS BRAZILIAN LLP
        One Exeter Plaza
        Boston, Massachusetts 02116
        (617) 367-2600

February 12, 2007

### VERIFICATION

I hereby verify that the information contained in the above document is based upon personal knowledge and true and accurate to the best of my knowledge. Signed under the pains and penalties of perjury this 12th day of February, 2007.

    /s/ Matthew D. Thompson
       Matthew D. Thompson

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                          February 12, 2007

     On this 12th day of February, 2007, before me, the undersigned notary public, personally appeared MATTHEW D. THOMPSON, proved to me through satisfactory evidence of identification, which was ___ photographic identification with signature issued by a federal or state government agency, ____ oath or affirmation of a credible witness,  X  personal knowledge of the undersigned, to be the persons whose name is signed on the preceding document, and acknowledged to me that he signed it voluntarily for its stated purpose.

                                                        __/s/ Aime Lyn Goldberg___
                                                        Aime Lyn Goldberg
                                                        Notary Public
                                                        My commission expires:
                                                        November 27, 2009